## City of Fairfield v. Nancy J. Sechrest.

1. SIDEWALK—*when notice of injury competent. Held,* that the particular notice of injury served in this case was properly received in evidence.

2. VARIANCE—*when objection of, comes too late.* An objection of variance first raised on appeal comes too late.

Action in case for personal injuries. Appeal from the Circuit Court of Wayne County; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

City of Fairfield v. Sechrest.

ROSCOE KNODELL, City Attorney, and BONHAM & McLIN, for appellant.

CREIGHTON & THOMAS and J. R. HOLT, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought suit for injuries alleged to have been received by her, in falling on a defective sidewalk of appellant.

The declaration, which as amended contained two counts, alleged that appellant, at the time of the injury, possessed and had control of a certain sidewalk along the east side of a certain public street in said city of Fairfield, and that appellee while using due care and caution in passing along and over said walk, was tripped and thrown, by reason of the defective condition of the material used in said walk, and seriously injured.

' The first count charged that the sidewalk had been permitted by appellant to become and remain in bad repair and condition for a long space of time, and the second, that unsound, defective, rotten and decayed material were used by appellant in constructing said walk.   Verdict and judgment for appellee for $766.

It appeared from the proofs that on January 10, 1906, between 8 and 9 o'clock at night, appellee, a widow earning her own living by washing and cooking for others and at times acting as nurse for the sick, was going home from town. It was sleeting and snowing and the streets were muddy. As she had about reached her home and while on the sidewalk referred to in the declaration, which was adjoining her premises, a plank in the walk broke and she fell through. One foot was caught in the walk and at first she could not get up; she soon however released herself and crawled to her house some twelve feet distant and succeeded in summoning a neighbor.   Her left ankle was sprained, two ribs were broken and her arm and chest badly bruised.   She could not lie down for two weeks after she was injured, but was confined to a chair.   She used crutches for nearly three months

and at the time of the trial, had not recovered so as to perform her usual duties. The street upon which the walk was located did not appear to have ever been formally dedicated to the public as a street. It did appear, however, from the evidence, that some thirty years prior to the time appellee was injured, the street was in fact opened by the property owners, and from that time was not only used by the owners of the adjoining premises, but also by the public generally; that soon afterwards the city authorities assumed the care of it and graded, ditched and drained it at the public expense. The city appears to have made some attempt towards putting in a walk some twelve years ago, but that object does not appear to have been fully carried out. About five years previous to the time of the injury, the city authorities, however, constructed a walk along the east side of the street, under the supervision of the superintendent of streets. It was constructed of old boards, which had been used in other walks, sawed off at the ends where the nail holes had been, and put down lengthways, two boards wide, upon stringers.

At the time of the injury, the walk was about worn out and was giving way, and at the place where appellee broke through, the planks were old and rotten. The evidence plainly showed that appellant had assumed charge of the sidewalk and was guilty of the negligence charged in the declaration; that appellee was in the exercise of due care for her own safety, and the verdict found by the jury was not excessive.

Appellant claims that appellee failed to serve any notice on either the city attorney, the acting city attorney, or the city clerk, within six months after the date of her injury, in accordance with section 7, chapter 70 of the Revised Statutes (Hurd, 1905), which provides: "Any person who is about to bring any action or suit at law, in any court, against any incorporated city, village or town, for damages on account of any personal injury, shall, within six months from the date of the injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney), and

City of Fairfield v. Sechrest.

also in the office of the city clerk, a statement in writing signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident, the place or location where such accident occurred, and the name and address of the attending physician (if any)."

Upon the trial, appellee offered in evidence a notice directed to the city clerk and city attorney, of her intention to bring suit against appellant, for the damages caused by her fall on the sidewalk, and containing the information required by the statute. This notice was indorsed as follows: "I, E. E. McLin, clerk of the city of Fairfield, in the State of Illinois, hereby acknowledge the receipt of a copy of the above statement, of intention to bring a suit at law, against the said city of Fairfield, and that the said statement of intention was filed in the office of the city clerk of the said city of Fairfield, by the said Nancy J. Sechrest on the 25th day of June, A. D. 1906.

"E. E. McLin,
"City clerk of the city of Fairfield, Illinois."

Also, "Received copy of the above notice this 25th day of June, 1906.

"Thomas H. Creighton,
"Acting City Attorney."

Proof was made by the city attorney that he was at the time in question, in Chicago, attending law school and that in his absence said Creighton was acting city attorney. When the notice was offered by appellee, one of the counsel for appellant objected, saying, "I desire to object as there is no evidence, as to where the injury took place and the notice does not state the location of the injury." The notice did, as a matter of fact, state where the injury occurred and the statute does not require that the party injured shall, in the notice to be given, state the location upon the body of the injury complained of. No objection was then made to the introduction of the notice upon the ground of failure to prove

service of the notice, nor was any motion afterwards made to exclude the notice for failure to make such proof. Under these circumstances and as the notice bore indorsements purporting to show that it was filed with the city clerk, and the acting city attorney, we think the court properly admitted the same in evidence.

A further question raised by appellant, is that there was a variance between the declaration and the proofs, for the reason that the declaration charged the injury occurred upon a sidewalk located on a certain public street in said city, where, as the proof showed, the place in question was not a public street. It is sufficient answer to this objection to say that it does not appear to have been made on the trial in the court below, nor raised by motion in arrest of judgment. Had it been raised in the court below, the defect, if any existed, could have been readily remedied, and having failed to take such action there, appellant cannot profit by raising the question for the first time in this court. See 8 Ill. Cyc. Digest, 726, where numerous cases are cited.

The judgment of the court below will be affirmed.

*Affirmed.*